IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BOBBIE D. HARLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>ISAEL GONZALEZ; AGAPE XPRESS, INC.; and NATIONAL TRANSPORTATION INSURANCE COMPANY RISK RETENTION GROUP, LLC,<br><br>    Defendants. | CIVIL ACTION NO.: 4:21-cv-65 |

**O R D E R**

    This matter is before the Court on a "Consent Motion to Remand to State Court of Chatham County, Georgia" filed by all parties appearing in this case, by and through their counsel. (Doc. 19.) For the reasons outlined below, the Court **GRANTS** the Motion, (id.), and **REMANDS** this case to the State Court of Chatham County, Georgia.

    Plaintiff initiated this lawsuit, in which he seeks to recover damages from Defendants Isael Gonzalez, Agape Xpress, Inc., and National Transportation Insurance Company Risk Retention Group, LLC, for injuries he allegedly suffered in an automobile collision, by filing a Complaint in the State Court of Chatham County on February 2, 2021. (Doc. 1-1.) Defendants removed the case to this Court on March 9, 2021, purportedly on the basis of diversity jurisdiction. (Doc. 1.) Specifically, Defendants asserted that "the amount in controversy is in excess of $75,000 exclusive of interest and costs," and they also asserted the following as to the citizenship of the parties: (1) at all relevant times, Plaintiff has been a citizen and resident of the State of Georgia; (2) at all

relevant times, Defendant Gonzalez has been a citizen and resident of the State of Florida; (3) at all relevant times, Defendant Agape Xpress, Inc., has been "a corporation organized and existing under the laws of the State of Florida, having its principal place of business in Jacksonville, Florida"; and (4) at all relevant times, Defendant National Transportation Insurance Company Risk Retention Group, LLC (hereinafter "National Transportation") has been "a corporation organized and existing under the laws of the State of North Carolina, having its principal place of business in Aberdeen, North Carolina." (Id. at pp. 1–2.)

On July 19, 2021, counsel for Plaintiff and counsel for all Defendants who have appeared in this action[1] jointly filed the at-issue "Consent Motion to Remand to State Court of Chatham County, Georgia." (Doc. 19.) Therein, the parties advise: "It appears to the parties that [there] lacks a complete diversity of citizenship of the parties under 28 U.S.C. § 1332(a) in that Defendant National Transportation . . . contains members that are residents of the state of Georgia, which is also the state of residence of the Plaintiff." (Id. at p. 1.) Accordingly, the parties state that the case is not removable to this Court and remand is required. (Id. at p. 2.)

While the parties indicate that they all consent to remand, the Court's power to remand based merely upon such consent is suspect. See Mitchell & Shapiro LLP v. Marriott Int'l, Inc., No. 1:0-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008), *vacated on reconsideration on other grounds*, 2008 WL 11337749 (N.D. Ga. June 20, 2008); see also Elliott v. Bonefish Grill, LLC, No. 5:18-cv-46(CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018). Nonetheless, a "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well[-]settled that a federal court is obligated to

---

[1] Since the time of removal, Plaintiff has filed an Amended Complaint adding another individual, who is allegedly a citizen of the state of South Carolina, as a defendant in the case. (See doc. 13.) The docket does not reflect that this individual has been served and this individual has not yet answered or otherwise appeared in the case.

2

inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005).

In the present case, Plaintiff has not asserted a claim for relief under federal law. (See doc. 1-1.) Thus, the only basis for jurisdiction in this Court would be diversity jurisdiction.

> Under 28 U.S.C. § 1332, a federal court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different states." Jurisdiction under § 1332 requires complete diversity; every defendant must be a citizen of a different state than every plaintiff. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 n.2 (1999); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). Diversity jurisdiction is determined at the time the complaint was filed. Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957); Holston Inv., Inc. B.V.I. v. LanLogistics Corp., 677 F.3d 1068, 1070 (11th Cir. 2012).

Alberto v. Progressive Ins. Co., No. 2:11-cv-203, 2013 WL 750290, at *2 (S.D. Ga. Feb. 27, 2013).

Because Plaintiff undisputedly is and has, at all relevant times, been a citizen of Georgia, (see doc. 1-1, p. 1; doc. 13, p. 1; doc. 19, p. 1.), if Defendant National Transportation was also a citizen of Georgia as of February 2, 2021, then there is not complete diversity. As a result, this Court would have no power to hear the case.

Because "[a] party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties," Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004), ordinarily, the defendant would point to evidence in an effort to show diversity exists and removal was proper. However, given the fact that, here, Defendants are jointly moving for remand with Plaintiff, the Court must determine whether it has jurisdiction based on the limited information the parties have presented to it.

The parties have not provided any exhibits, such as documentary evidence, tending to prove anything regarding National Transportation's citizenship. Thus, the Court is left only with the information contained in the pleadings and motions filed by the parties through their counsel. In both the original Complaint and the Amended Complaint, Plaintiff alleged only that National

Transportation "is a North Carolina corporation, registered to do business in the State of Georgia, and may be served with process through its registered agent . . . [in] North Carolina . . . ." (Doc. 1-1, p. 2; doc. 13, p. 2.)  In its Answers to both versions of the Complaint, Defendant only admitted the allegation that it could be served through its registered agent and neglected to respond to the allegation that it was a North Carolina corporation.  (Doc. 1-8, p. 2; doc. 15, p. 4.)  Now, the parties jointly assert instead that National Insurance "contains members that are residents of the state of Georgia."  (Doc. 19, p. 1.)  Given the fact that National Transportation, through its full official business name, describes itself as an "LLC," which is the common abbreviation for "limited liability company," and given the fact that National Transportation's own counsel—by signing and jointly filing the Consent Motion to Remand which declares that National Transportation has "members"—apparently concedes as much, the Court concludes that National Insurance is a limited liability company (and not a corporation, as Plaintiff asserted in the Complaint and Amended Complaint and National Transportation did not address in its Answers).

"[A] limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, 374 F.3d at 1022; see also Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 381 (2016) ("diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of all of its members") (quotation omitted).  "To sufficiently allege the citizenships [of an LLC], a party must list the citizenships of all the members of the limited liability company . . . ."  Rolling Greens MHP, 374 F.3d at 1022.  Merely listing the principal place of business and the state where each entity was formed is insufficient.  See Tvestments, Ltd. v. L.K. Station Grp., LLC, No. 08-22779-CIV, 2008 WL 4613070, at *1 (S.D. Fla. Oct. 16, 2008) (Because the plaintiff only alleged "the state where each company was formed

and its principal place of business," and did not "list the citizenships of all the members of each limited liability company, it failed to carry its burden of establishing diversity of citizenship.").

The only evidence before the Court regarding the citizenship of National Transportation's members is the statement, in the Consent Motion to Remand signed and jointly filed by National Transportation's own counsel, that National Transportation "contains members that are residents of the state of Georgia." (Doc. 19, p. 1.) The Court has been given no reason to question this and the Court has not been presented with a basis for concluding that diversity of citizenship does in fact exist. Because Plaintiff and Defendant National Transportation are both citizens of Georgia, complete diversity does not exist and this Court lacks subject matter jurisdiction

For the reasons stated above, the Court **GRANTS** Defendants' Consent Motion to Remand. (Doc. 19.) Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the State Court of Chatham County, Georgia, for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 29th day of July, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA